## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LEKEISHA NOBLES,

     Plaintiff,

v.                                Case No: 8:15-cv-1745-T-30MAP

CONVERGENT HEALTHCARE
RECOVERIES, INC.,

     Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Plaintiff's motion to strike eleven of the Defendant's thirteen affirmative defenses. The court has reviewed Plaintiff's motion (Dkt. 6), Defendant's response in opposition (Dkt. 7), and the relevant law, and for the reasons discussed below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Lekeisha Nobles alleges that Defendant Convergent Healthcare Recoveries, Inc. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a-1692p, when Convergent, a licensed debt collection agency, twice misrepresented to the credit reporting agency TransUnion the identity of the original creditor on a debt Nobles owed. The complaint seeks $1,000 in statutory damages and reasonable costs and attorneys' fees. Convergent's answer asserts thirteen affirmative defenses, five of which apply to alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, claims that are not included in the complaint.

## DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" stricken from the record. But motions to strike are a disfavored, "drastic remedy." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Accordingly, motions to strike affirmative defenses are usually denied, unless:

1) The affirmative defense has no possible relation to the controversy and may cause prejudice to one of the parties, *Harvey v. Home Depot U.S.A., Inc.*, No. 8:05-cv-936-T-24EAJ, 2005 WL 1421170 *1 (M.D. Fla. June 17, 2005), or

2) The affirmative defense fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires a party to "state in short and plain terms its defense to each claim asserted against it."

Fed. R. Civ. P. 8(b)(1); *see Muschong v. Millennium Physician Group, LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, *1 (M.D. Fla. Mar. 25, 2014); *but see Heath v. Deans Food T.G. Lee*, No. 6:14-cv-2023-Orl-28TBS, 2015 WL 1524083, *1 (M.D. Fla. April 24, 2015) (noting some division among courts in the Eleventh Circuit, but concluding that the *Iqbal/Twombly* pleading standard does not apply to affirmative defenses).

To be stricken, an affirmative defense must be insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike. *Muschong*, 2014 WL 1268574 at *1.

Denials, for example, that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials. *Id.* (citing *Lugo v. Cocozella, LLC*, No. 12-80825-CIV, 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012)).

Nobles moves to strike eleven of Convergent's thirteen affirmative defenses.[1] These eleven can be described as falling into one of two categories: affirmative defenses and denials to alleged violations of the FDCPA and affirmative defenses and denials to alleged violations of the FCRA. The Court will treat those in the first class individually and those in the second class collectively.

## I.   Convergent's Category 1, FDCPA Affirmative Defenses

Of these affirmative defenses, Nobles moves to strike numbers 1, 2, 4, 5, 7, and 11. The First Affirmative Defense alleges a bona fide error, which the FDCPA contemplates and permits. *See* 15 U.S.C. § 1692k(c); *see also Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352-53 (11th Cir. 2009). The affirmative defense states in part, "any violation of the FDCPA . . . would have resulted from a bona fide error notwithstanding the maintenance of policies and procedures that are in place to ensure that the proper creditor is named when information is furnished to any consumer credit reporting agency." (Dkt. 3, pp. 5-6). Nobles argues that this affirmative defense should be stricken because it is nothing more than a conclusory statement that lacks the requisite specificity to survive this motion. (Dkt. 6, pp. 6-7).

The Court disagrees. First, this affirmative defense does more than offer the kind of boilerplate that this Court has found to be insufficient as a matter of law. *See Slep-Tone*

---

[1] Specifically, Affirmative Defenses 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, and 13.

*Entertainment Corporation v. Dunn*, No. 8:12-cv-1440-T-30EAJ (M.D. Fla. Aug. 20, 2015). The affirmative defense gives Nobles "fair notice" of the nature of the defense and the grounds on which it rests—specifically, the existence of policies and procedures to ensure compliance with the law. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955 L.Ed.2d 929 (2007). Second, this Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the *Twombly* pleading standard. *See, e.g. Moore v. Craig Hemphill & Associates*, No. 3:13-CV-J-39-PDB, 2014 WL 2527162, *2 (M.D. Fla. April 2, 2015) (noting that a pleading that states a claim for relief under Federal Rule of Civil Procedure 8(a)(2) must *show* entitlement to relief while responses under Rule 8(b)(1) need only *state* asserted defenses) (emphasis added); *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, *4 (M.D. Fla. July 21, 2011) ("Whereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury.").

Convergent's First Affirmative Defense has an appropriate relationship to the controversy and satisfies Rule 8's pleading requirements. It will not be stricken.

Convergent's Second Affirmative Defense alleges that some of Nobles' claims may be barred by the statute of limitations. This affirmative defense is specifically enumerated in Federal Rule of Civil Procedure 8(c). And though stated in general terms, it gives Nobles sufficient notice of the claim Convergent intends to raise in its defense. *See Muschong*, 2014 WL 1268574 at *2 (citing *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-cv-226-MP-GRJ,

2012 WL 2377840, *5 (N.D. Fla. June 25, 2012)). Accordingly, the affirmative defense will not be stricken.

Convergent's Fourth Affirmative Defense alleges that Nobles' "claims may be barred in whole or in part by the doctrines of waiver and/or consent." (Dkt. 3, p. 6). Waiver, like statute of limitations, is a specifically enumerated affirmative defense. Likewise, it will not be stricken.

Convergent's Fifth Affirmative Defense alleges that Nobles' damages may have been caused by a superseding and/or intervening cause. This is not an affirmative defense, but a denial. Nevertheless, it will not be stricken. *See Muschong*, 2014 WL 1268574 at *2 ("When a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim but rather to treat it as a specific denial.").

Convergent's Seventh Affirmative Defense alleges the following: "Plaintiff's claims are truly allegations of consumer reporting and are ruled by the Fair Credit Reporting Act ('FCRA')."[2] Because Nobles has not alleged violations of the FCRA, this affirmative defense will be construed as a denial. It will not be stricken. *Id*.

Convergent's Eleventh Affirmative Defense alleges that Nobles lacks standing. Plaintiffs, however, bear the burden of proving standing. *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000). This affirmative defense is thus at odds with the general rule that "[t]he party asserting an affirmative defense usually has the burden of proving it."

---

[2] The Court notes that although Plaintiff moves to strike this affirmative defense, she also misstates it. (Dkt. 6, p. 3).

*In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (citation and internal quotation marks omitted). Though deficient as an affirmative defense, this allegation "serve[s] the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert . . . ." *Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 6:08-cv-346-Orl-19DAB, 2008 WL 3200691, *1 (M.D. Fla Aug. 6, 2008) (citation and internal quotation marks omitted). The Court will treat the allegation as a denial. *See Id.* It will not be stricken.

## II.  Convergent's Category 2, FCRA Affirmative Defenses

Nobles also moves to strike Affirmative Defenses 8, 9, 10, 12, and 13, which are in fact affirmative defenses or denials to allegations that Convergent violated the FCRA. The Eighth Affirmative Defense, for example, is an FCRA bona fide error defense. The Ninth states that Nobles failed to state a claim under the FCRA. And the Tenth states that Nobles' claims are barred under the FCRA because she did not suffer any damages. These defenses are premised on Convergent's belief that Nobles' allegations are in fact governed by the FCRA; Convergent raises them "out of an abundance of caution." (Dkt. 7, p. 10).

However cautiously raised, these affirmative defenses are nonetheless insufficient as a matter of law. *See Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999) (finding legal insufficiency only appropriate if "it appears that the Defendant cannot succeed under any set of facts which it could prove") (citing *Equal Employment Opportunity Comm'n v. First Nat'l Bank*, 614 F. 2d 1004, 1008 (5th Cir. 1980)). It cannot be said that affirmative defenses to an FCRA claim bear a relationship to a complaint that never alleges a violation of the FCRA. Accordingly, these affirmative defenses are stricken.

However, inasmuch as Convergent believes that the FCRA *should* bear a relationship to Nobles' complaint, it is permitted to raise those assertions should they become ripe.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Strike Defendant's First, Second, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Affirmative Defenses (Dkt. 6) is **GRANTED** in part and **DENIED** in part.

2. Defendant's Affirmative Defenses 8, 9, 10, 12, and 13 are hereby stricken.

   **DONE** and **ORDERED** in Tampa, Florida, this 31st day of August, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record